The following is the opinion of the county judge:
J. Rider Cady, County Judge.
This case has been very earnestly and ingeniously presented by counsel, and I am much indebted to them for the assistance they have afforded me in resolving a somewhat nicely balanced state of facts. The warrant of attachment granted in behalf of the plaintiffs was allowed by me upon" an ex parte application, and a substantial question is, whether sufficient grounds for my action were presented by the moving papers.
Another question is, whether the affidavits upon which the junior attaching creditor, Yan Deusen, obtained his attachment are so much more explicit and full than those of the plaintiffs as to afford him a right to make the motion.
Answering the last question first, I do so in the affirmative, and conclude that the affidavits upon which Yan Deusen’s attachment issued warranted the judge who allowed it in doing so, and that they are stronger and more satisfactory than those furnished by the plaintiffs to the county judge upon their application. Yan Deusen’s affidavits leave no doubt in my mind of his right to the remedy he asked for. The sole remaining question is whether this much can be properly said of the plaintiffs’ papers. They disclose substantially the following facts, viz.:
That on the 13th, 17th and 24th days of May, 1892, the plaintiffs sold to the defendant goods, wares and merchandise, amounting in value to the sum of $515.21; that the defendant agreed to pay one-half of the sum of $441.96, which was the value of the goods sold to him on -May 12, 1892, in cash, on the delivery of said goods, and the other half thereof within thirty days, and that the balance of the goods were sold to him for cash; that the defendant has not paid said sum of $515.21, or any part thereof; that at the time the defendant made the purchase on May 12th, he stated that he was vyorth the sum of $800, and that the credit which was allowed to him by the plaintiffs was given to him on the strength of such statement as to his financial capacity; that he thereafter in a letter to plaintiffs stated that he was worth the sum of $800; that on the 13th day of June, 1892, the plaintiffs sent one of their employes to the city of Hudson, where, to quote -the language used by Geo. B. Cramer, one of the plaintiffs, in his affidavit upon the application for the attachment: “ The defendant resides, and is conducting his business, to demand payment of said bill; ” that the plaintiff’s representative did not find the defendant at his store in the city of Hudson, but did find a clerk *547 there, apparently in charge of the business, who stated that the defendant had gone to Albany in the morning, and that from there he was going to Poughkeepsie, where the plaintiffs have their place of business; that during the 13th day of June the defendant was seen by Henry C. Brill, a salesman employed by the plaintiffs, in the village of Fishkill, where, as further appears in the affidavit of Neherniah Boyce, the wife and mother of the defendant reside, and that the said affiant, Boyce, was, on said 13th day of June, informed by William Bostwick, cashier of the Hudson River National Bank in Hudson, that the defendant had the sum of about $700 on deposit in said bank for about a month prior to June 11, 1892, and that on that day he drew about $700 in cash, being his entire deposit, except a few cents. These are the substantial and important facts disclosed by the affidavits of the plaintiffs. It also appeal’s that Boyce made inquiries in the village of Fishkill, on June 13th, concerning the whereabouts of the defendant, but was unable to ascertain them. The warrant of attachment was allowed on June 14th. I cannot resist the conclusion upon reflection that these facts, standing alone, as I must consider them, do not afford sufficient ground for the issuing of an attachment.
They do not disclose, so far as I can discover, any false statement made by the defendant in obtaining credit from the plaintiffs. He said to them that he was worth the sum of about $800, and it affirmatively appears from the affidavit that at the dates of the sales, and for some time after, he had nearly that sum on deposit in a bank at Hudson. The papers throw no light upon the conduct of the defendant between the date of the last sale made to him by the plaintiffs on May 24, 1892, and June 13, 1892, when they sent their employe to Hudson, except that it appears that during that time the defendant had made no payment upon account of his purchases from the plaintiffs. When the plaintiff’s agent reached Hudson, on the 13th, he apparently found the defendant’s place of business open and in charge of a clerk. In fact Mr. Cramer’s affidavit expressly states that the defendant resided and was conducting his business at Hudson, on the day he made his affidavit, which was sworn to June 13, 1892. The defendant on June 13th was absent from his place of business, but it does not appear that he had concealed or was attempting to conceal himself. His clerk stated that he had gone to Albany, and was going thence to Poughkeepsie, and he was actually seen in the village of Fishkill, not far from the city of Poughkeepsie, on that day. His wife and mother reside at Fishkill, and it can scarcely be said that there was anything remarkable or suspicious in his being at that place on that day. The period of his credit with the plaintiffs had only recently expired. It is true that he had not made cash payments which he had agreed to make, but it does not appear that the plaintiffs had pressed him for a settlement. It is true that on May 11th he drew $700, or thereabouts, from the National Hudson River Bank, and had not up to the date of the application for the attachment applied any part of it to the payment of the plaintiffs’ claim.
J. S. Van Cleef, for app’lts; Brownell & Cochrane, for resp’t.
I think it would be unsafe to establish as a rule that the facts that a debtor is absent from his place of business on the day when his creditor chances to call for payment, the place of business being open, and the business being conducted therein in its usual course, the place being in charge of a clerk, who makes no apparent effort to conceal his employer’s whereabouts, coupled with the further fact that shortly before the creditor’s call the debtor has drawn either the whole or a part of his deposit from a given bank, will warrant the attachment of the debtor’s goods. Attachment is a severe remedy, and ought only to be employed in the cases, and under the circumstances provided for in the statute. It is frequently difficult for creditors to bring their proofs up to the requisite standard, but that is their misfortune, and does not justify the courts in legislating upon the subject, and in departing from the standard established by the statute. I am convinced by all the facts disclosed upon this motion, that Horton, the defendant, intended to defraud his creditors, but in disposing of the motion I am limited to the consideration of the bare facts stated in the plaintiffs’ original papers.
The motion is granted, without costs to either party.
Dykman, J.
This is an appeal from an order made by the county judge of Columbia county, vacating an attachment against the property of the defendant Horton.
Our conclusion is that the attachment was improperly granted and the order vacating the same was right
The order should be affirmed, with ten dollars costs and disbursements.
Pratt, J., concurs.